SODUS CENTRAL SCHOOL
DISTRICT, Plaintiff,

v.

Juanita M. KREPS, Secretary of
Commerce, et al., Defendants.

Civ. No. 78–108.

United States District Court,
W. D. New York.

Oct. 6, 1978.

Harter, Secrest & Emery, Rochester,
N.Y., for plaintiff.

Eugene Welch, Asst. U.S. Atty., Rochester, N.Y., Robert L. Dumont, Attorney-Advisor, Economic Development Administration, U.S. Dept. of Commerce, Washington,
D.C., for defendants.

HAROLD P. BURKE, District Judge.

By motion with supporting papers filed May 17, 1978 defendants move to dismiss the action pursuant to Rule 12(b), Federal Rules of Civil Procedure, on the ground that plaintiff has failed to state a claim upon which relief can be granted.

On February 24, 1978 plaintiff filed the complaint herein. The complaint alleges that plaintiff's application for funding of a public works project was arbitrarily denied under the Local Public Works Capital Development Investment Act of 1976, P.L. 94–369, 90 Stat. 999, as amended by the Public Works Employment Act of 1977, P. L. 95–28, 91 Stat. 116, May 13, 1977. 42 U.S.C. Sections 6701 et seq. (the LPW Act).

The complaint alleges jurisdiction under the Administrative Procedure Act, 5 U.S.C. Section 701 et seq. and under 28 U.S.C. Section 1331. The complaint seeks permanent injunctive relief restraining defendants from disbursing the amount of LPW funds necessary to fund plaintiff's application in the amount of $1,013,300. Plaintiff also seeks a mandatory injunction ordering federal defendants to approve plaintiff's application.

The Local Public Works Capital Development and Investment Act of 1976 became law on July 22, 1976. Thereafter, Congress appropriated Two Billion Dollars, less administrative expenses, for implementation of the Act, P.L. 94–447, 90 Stat. 1497 (October 1, 1976.) Defendants approved over two thousand applications for funds under what has come to be referred as Round I of the Act.

Even before completion of Round I funding, new bills were introduced in the Congress on January 11, and January 25, 1977, H.R. 11 and S. 427. The Public Works Employment Act of 1977 was the result of the legislative process. That law amended the Act of 1976 and authorized an additional Four Billion Dollar appropriation for Round II funding.

Consistent with the prescriptions of the Act, 42 U.S.C. Section 6706, defendants issued regulations governing Round II on May 27, 1977. 13 C.F.R. Part 317, 42 Fed. Reg. 27432, as amended July 11, 1977, 42 Fed.Reg. 35822. Defendants approved over eight thousand applications for the funding of public works projects in Round II of the LPW Program. Plaintiff did not receive funding under either Round I or Round II of LPW Program. Pursuant to the Economic Stimulus Appropriations Act of 1977, P.L. 95–29, 91 Stat. 122 (May 13, 1977) defendants' power to make LPW grants terminated on September 30, 1977. No funds remain for making other grants under the LPW Act.

Plaintiff seeks a mandatory injunction directing defendants "to approve plaintiff's application and to grant plaintiff the $1,010,300 requested therein." (Complaint, p. 4, par. 2).

This court lacks the power to issue a mandatory injunction, such as that requested by the plaintiff, which would, in effect, direct the defendants to make a grant to any particular applicant under the LPW Act.

The relief sought by the plaintiff to compel the defendants to award funds to the plaintiff is clearly a request for a mandatory injunction. Because the mandatory injunction is sought against a government official, it is a suit in the nature of mandamus and all of the common law restrictions on the use of mandamus is applicable. *Panama Canal Co. v. Grace Lines, Inc.*, 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed.2d 788 (1958). The fundamental restriction on the use of mandamus is that the remedy is available only to compel performance of a plainly ministerial duty or to compel an exercise of discretion where the applicable statute requires an exercise of discretion. Mandamus is not available to compel the exercise of discretion in a particular manner. *Panama Canal Co. v. Grace Lines Co.*, 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed.2d 788.

The ministerial discretionary test is applied in suits brought by potential recipients of federal grants and contracts to compel allocation of funds to a particular applicant or in a particular manner. *Davis Asso-*

*ciates, Inc. v. Sec. of HUD*, 498 F.2d 385 (1 Cir. 1974); *McCarey v. McNamara*, 390 F.2d 601 (3 Cir. 1968).

■ The LPW Act clearly contemplates the exercise of broad administrative discretion in funding projects. The LPW Act does not require that the defendants make any grants to any eligible applicant, including the plaintiff. The language of Sections 103, 104 and 105 of the LPW Act authorizes the Secretary of Commerce to make grants. Such language is not mandatory nor peremptory. No provision of the LPW Act requires or mandates that any of the defendants obligate all monies appropriated for the LPW Act for specified grant projects.

Section 107 grants broad discretionary authority to the Secretary in making project selections from among the eligible applicants. The Secretary, in promulgating regulations, need only "consider among other factors (1) the severity and duration of unemployment in the proposed project areas, (2) the income levels and extent of underemployment in proposed project areas, and (3) the extent to which proposed projects will contribute to the reduction of unemployment."

In addition, in issuing the regulations, the Secretary "shall assure that adequate consideration is given to the relative needs of the various sections of the country." (Section 107). It should be noted that the need for this broad discretion is underscored by the Congressional action (Section 108(h)(1) of the LPW Act) which insured that approximately $21.8 billion in Round I project applications which were denied would be eligible for the Four Billion Dollar Round II appropriation. Obviously, Congress contemplated numerous exercises of discretion which would result in the denial of most of the pending applications.

■ Plaintiff has failed to state a claim for which relief can be granted in so far as the plaintiff has requested that this court issue a writ of mandamus directing the defendants to provide grant assistance to the plaintiff.

On September 30, 1977 defendants power to obligate LPW funds on behalf of applicants expired by operation of the Economic Stimulus Appropriations Act of 1977, P.L. 95–29, 91 Stat. 122 (May 13, 1977). Defendants contend that this court's power to obligation LPW funds on behalf of plaintiff— the relief clearly requested by plaintiff— was terminated as of September 30, 1977. Any order directing such an obligation would violate the control provision vesting the power of appropriations solely in Congress. *National Association of Regional Councils v. Costle*, 184 U.S.App.D.C. 98, 103–105, 564 F.2d 583, 588–590 (1977).

The complaint herein was filed February 24, 1978, long after the expiration of the statutory power to obligate LPW grant funds. Plaintiff clearly asks this court to order an obligation of funds in its favor, viz., to make an LPW grant for the construction of school improvements (Complaint, page 4, para. 2). Any court ordered obligation of funds now would violate the constitutional provision vesting the power of appropriation solely in Congress. Plaintiff clearly requests an "obligation" of public monies, whether the proposed source of those public monies is any unobligated amount which lapsed on September 30, 1977, amounts obligated before September 30, 1977, but which became deobligated after September 30, 1977, or are otherwise not utilized by grantees after September 30, 1977. Plaintiff requests that this court order defendants to make a grant to plaintiff for a specific amount and for a specific purpose, is, in reality, a request for an obligation of public monies—an act which is clearly forbidden after September 30, 1977, by the plain language of the Appropriations Act and by Art. I, Section 9, cl. 7 of the U.S. Constitution.

Funds not obligated as of September 30, 1977, if any, lapsed, reverted to the federal treasury and became unavailable for obligation after that date. Any funds obligated prior to September 30, 1977, which are otherwise not utilized by a grantee after September 30, 1977, revert to the federal treasury pursuant to 31 U.S.C. Section 701(a)

and are unavailable for reobligation after September 30, 1977. A grant on behalf of plaintiff which attempts to utilize funds obligated after September 30, 1977, or left unexpended by another grantee after September 30, 1977, viz, a "reobligation" of funds on behalf of plaintiff would conflict with the Appropriations Act which stated that "no part of any appropriation contained in this Act shall remain available for obligation beyond September 30, 1977 . . . ."

Plaintiff asks this court to create a new LPW grantee, viz, to obligate public monies, in this suit filed after the termination of the power to make such obligations. Such an order by this court would violate the constitutional provision vesting the power of appropriation solely in Congress. In so far as plaintiff requests the award of an LPW grant, plaintiff has failed to state a claim on which relief can be granted.

On due consideration it is hereby

ORDERED that the complaint is dismissed for failure to state a claim or claims on which relief can be granted.